# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD W. HATCHER, | CASE NO. 1:07-cv-00803-AWI-SMS PC |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO FILE SECOND AMENDED COMPLAINT |
| v. | |
| MADERA COUNTY JAIL, et al., | (Doc. 23) |
| Defendants. | THIRTY-DAY DEADLINE |

## Screening Order

**I.  Procedural History**

Plaintiff Donald W. Hatcher is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 1, 2007. On May 15, 2009, the Court dismissed Plaintiff's complaint, with leave to amend. In the order, the Court found that Plaintiff stated a cognizable excessive force claim against Defendants Perez, Ruiz, Gil, Silva, and Rossette, but failed to state a claim against Defendant Salcido or Defendant Madera County Jail. Plaintiff filed an amended complaint on September 4, 2009.

For the reasons set forth below, the Court finds that Plaintiff's amended complaint fails to state a claim upon which relief may be granted. After the issuance of the first screening order, there was a "significant change" in the pleading standard to which Plaintiff's complaint is held. Moss v. U.S. Secret Service, 572 F.3d 962, 972 (9th Cir. 2009). Due to this change and because it appears Plaintiff may be able to cure the deficiencies, the Court will grant Plaintiff one final opportunity to amend. Moss, 572 F.3d at 972; Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal at 1950, and while factual allegations are accepted as true, legal conclusion are not, id. at 1949.

## III. Plaintiff's Excessive Force Claim

Plaintiff alleges that on May 7, 2007, Defendant Salcido opened his cell door and sprayed him repeatedly in the face and eyes with mace, and then ordered Defendants Perez, Ruiz, Gil, Silva, and Rossette to enter the cell. Plaintiff, who was not resistant, was taken to the ground and hog tied. Plaintiff alleges he was injured and there was blood on the wall and floor where he was taken down.

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7; Wilkins v. Gaddy, 130 S.Ct. 1175, 1178 (2010) (per curiam). Although de

minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Wilkins, 130 S.Ct. at 1178; Hudson at 9-10; Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff's amended complaint fails to state a cognizable claim for use of excessive force. Plaintiff fails to allege sufficient facts to support a claim that in using mace and taking him to the ground, Defendants used force maliciously and sadistically to cause harm rather than in a good-fath effort to restore discipline. The amended complaint is devoid of any facts describing what preceded the use of mace or the application of restraints, leaving the Court unable to determine on screening whether or not the use of force appears to have been excessive. In light of the change in the standard governing the screening of complaints, Plaintiff shall be granted another opportunity to amend. Moss at 972; Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009).

**IV.     Conclusion and Order**

Plaintiff's complaint does not state a cognizable claim for relief under section 1983. Plaintiff is granted one final opportunity to amend. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal at 1948-49. There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

  Based on the foregoing, it is HEREBY ORDERED that:

  1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

  2. Plaintiff's amended complaint, filed September 4, 2009, is dismissed for failure to state a claim upon which relief may be granted;

  3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

  4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated: July 8, 2010**        /s/ Sandra M. Snyder
                  UNITED STATES MAGISTRATE JUDGE